UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE VAUGHANS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:19-CV-954-RLM-MGG |

OPINION AND ORDER

Eddie Vaughans, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his conviction and 45-year sentence by the Marion Superior Court in 49G20-0303-FA-50900 on August 9, 2005. This is not the first time he has brought a habeas corpus petition challenging that conviction. He challenged this same conviction in Vaughans v. Superintendent, 3:15-CV-372 (N.D. Ind. filed Aug. 20, 2015). The court dismissed the petition as untimely and procedurally defaulted. The court of appeals dismissed his untimely appeal for lack of jurisdiction.

"A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." 28 U.S.C. § 2244(b); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Because his first petition was denied as untimely, this is a successive petition. See Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding an untimely habeas petition qualifies for purposes of Section 2244(b)).

The court of appeals hasn't authorized Mr. Vaughans to file a successive petition, so this case must be dismissed because the court lacks jurisdiction.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the court lacks jurisdiction to consider this habeas corpus petition. Therefore, there is no basis for encouraging Mr. Vaughans to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES this case for want of jurisdiction;

(2) DENIES Eddie Vaughans a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Eddie Vaughans leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on August 3, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT